IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LAW OFFICE OF BRETT M. BORLAND, P.C., <br><br> Plaintiff, <br><br> v. <br><br> SULAIMAN LAW GROUP, LTD. *also known as* Atlas Consumer Law, MELVIN SIMON *individually*, and WILLETTE M. SIMON *individually*, <br><br> Defendants. | CIVIL ACTION FILE NO. <br><br> 1:22-cv-00829-JPB-CMS |

### ORDER

This matter is before the Court on Plaintiff's Motion to Enter a Default Judgment Against Defendant Sulaiman Law Group, Ltd., a/k/a Atlas Consumer Law [Doc. 10], and Defendant Sulaiman Law Group, Ltd.'s Motion to Set Aside Default and File Responsive Pleading Instanter [Doc. 11]. For the reasons discussed below, Plaintiff's motion is **DENIED**, and Defendant's motion is **GRANTED**.

### I. Background

On February 25, 2022, Plaintiff Law Office of Brett M. Borland, P.C. ("Plaintiff"), through counsel, filed a 31-page complaint for declaratory relief

1

against Defendant Sulaiman Law Group, Ltd. ("Defendant SLG") and two of Defendant SLG's clients (the "Simons") (collectively, the "Defendants"), asking the Court, among other things, to determine and adjudicate the rights and liabilities of the parties with respect to Defendants' alleged claims under the Fair Debt Collection Practices Act ("FDCPA") against Plaintiff. [Doc. 1, Compl., at 13–15]. The Clerk's office issued electronic summonses as to the three defendants on February 28, 2022. [Docs. 5–7].

On April 1, 2022, Plaintiff filed an "Affidavit of Non-Service" as to the Sulaiman Law Group, Ltd., indicating that that defendant had not been served. [Doc. 7]. Plaintiff also filed a document titled, "Waiver of the Service of Summons" signed by Attorney Nathan C. Volheim on behalf of the Sulaiman Law Group, Ltd., waiving service of the summons and complaint, and acknowledging that the Sulaiman Law Group, Ltd. "must file and serve an answer or a motion under Rule 12 within 60 days from 03/04/2022," and that if it failed to do so, a default judgment would be entered against that defendant. [Doc. 8]. The Clerk's office docketed the waiver, and noted that Defendant SLG's answer was due May 3, 2022. [*Id.*].

On June 27, 2022, after the May 3, 2022 deadline for Defendant SLG to file its answer had passed with no answer being filed, Plaintiff filed a Motion for

Clerk's Entry of Default against Defendant SLG. [Doc. 9]. The Clerk entered default as to Defendant SLG on June 28, 2022.

On June 30, 2022, Plaintiff filed the instant Motion for Entry of Default Judgment Against Defendant Sulaiman Law Group, Ltd. a/k/a Atlas Consumer Law, and Motion for Attorney's Fees [Doc. 10], with a brief and affidavit attached in support of the motion. [Docs. 10-1, 10-2 (Affidavit of John M. Duffoo, counsel for the Plaintiff ("Duffoo Aff.")].

Less than two weeks later, on July 12, 2022, Defendant SLG filed a Motion to Set Aside the Clerk's Entry of Default and for Leave to File a Responsive Pleading Instanter [Doc. 11], and its Answer to Plaintiff's Complaint [Doc. 12, Answer].

## II. Defendant SLG's Motion to Set Aside Entry of Default and File Responsive Pleading

In the brief filed in support of Defendant SLG's motion to set aside the entry of default, Defendant SLG provides its explanation as to why it failed to timely file an answer in this case. [Doc. 11-1, SLG Br.]. Defendant SLG acknowledges that it agreed to a waiver of service establishing a deadline of May 3, 2022 to file a responsive pleading, and that it failed to do so by that deadline. Defendant SLG attributes its failure to "an unfortunate confluence of factors, including a docketing

3

error which resulted in the deadline being missed and unaccounted for." [*Id.* at 2]. Defendant SLG describes having engaged in regular communications via email with Plaintiff's counsel prior to the deadline regarding the merits of the case and potential resolution, which Plaintiff apparently ceased once the answer deadline had passed. [*Id.*]. Defendant SLG states that it did not receive electronic notice of Plaintiff's motion for entry of default, and was not aware of it until SLG received a copy in the regular U.S. mail on July 11, 2022, at which point it attempted to make "numerous contact efforts directed towards Plaintiff's counsel including an email and phone calls since becoming aware that it is in default." [Doc. 11-1 at 3]. The brief cites to a Declaration of Nathan Volheim ("Volheim Decl.") purportedly attached as Exhibit A, but there is no such declaration attached.

In its motion, Defendant SLG concedes that it should have been more diligent in ensuring that it timely filed its responsive pleading, but argues that its oversight was caused by an internal miscommunication and docketing error, and was inadvertent, not willful. Defendant SLG states that as soon as it became aware of the entry of default, it made immediate efforts to rectify its oversight. [Doc. 11-1 at 6]. Defendant SLG further argues that it has a number of meritorious defenses to Plaintiff's declaratory judgment action, and that allowing it to file its answer and permitting this case to move forward on its merits will not prejudice Plaintiff since

the delay was brief, and Plaintiff would simply be put back into the same position it was upon filing its complaint. Defendant SLG argues that it has demonstrated good cause to set aside the Clerk's entry of default, and cites case law from this district granting motions to set aside the clerk's entry of default in similar circumstances. [*Id.* at 7, citing *Evans v. Atlanta Pub. Schs.*, No. 1:15-cv-3652-TWT-CMS, 2016 WL 3030199, at *1–2 (N.D. Ga. Apr. 1, 2016); *Quick v. National Credit Sys., Inc.*, No. 1:13-cv-01200-CC-JFK, 2013 WL 12382349, at *2 (N.D. Ga. Sept. 26, 2013)].

Plaintiff has filed a response opposing Defendant SLG's motion to set aside the Clerk's entry of default and file a responsive pleading instanter. [Doc. 13, Pl.'s Resp.]. Plaintiff accuses Defendant SLG of failing to comply with this Court's Local Rule 5.1(D) regarding proper margins, and points out, as noted above, that despite referencing a declaration, no such declaration was filed. [Doc. 13 at 1–2]. Plaintiff argues that statements by counsel in briefs are not evidence. [*Id.*, citing *Hill v. Mark A. Nestor, P.C.*, No. 1:15-cv-1177-LMM-ECS, 2015 WL 13777184, at *2 (N.D. Ga. June 18, 2015)]. Plaintiff argues that it will be prejudiced if the Court sets aside its entry of default because its costs will increase "to an unfair degree" as a result, and SLG has failed to support its claim of meritorious defenses with evidence. Plaintiff has filed a 41-page declaration in support of its response,

5

which describes in minute detail Plaintiff's counsel's communications with defense counsel leading up to the time Plaintiff filed the instant declaratory action. [Doc. 13-1]. It is not clear to the Court what bearing, if any, these communications have or had with respect to the question at hand, i.e., whether good cause exists to set aside the Clerk's entry of default.

### III. Discussion

Rule 55(c) of the Federal Rules of Civil Procedure provides that "[f]or good cause shown the court may set aside an entry of default . . . ." FED. R. CIV. P. 55(c).[1] The Eleventh Circuit has expressed that the "good cause" standard is a mutable and liberal standard, varying from situation to situation, and it is not susceptible to a precise formula. *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). The Eleventh Circuit has set out the following non-exclusive factors to aid courts in determining whether to set aside an entry of default: (1) whether the default was culpable or willful, which entails an assessment of the plausibility of the defaulting

---

[1] Because a default judgment has not yet been entered in this case, Rule 55(c) is the proper vehicle for considering whether the Clerk's entry of default should be set aside. The "good cause" standard of Rule 55(c) is to be distinguished from Rule 60's "excusable neglect" standard, which is the vehicle for setting aside default judgments. "The excusable neglect standard that courts apply in setting aside a default judgment is more rigorous than the good cause standard that is utilized in setting aside an entry of default." *E.E.O.C. v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 528 (11th Cir. 1990).

party's excuse; (2) whether the defaulting party acted promptly to correct the default; (3) whether setting the default aside would prejudice the plaintiff; and (4) whether the defaulting party presents a meritorious defense. *Id.* These factors are just general guidelines and are not "talismanic." *Kelly v. Florida*, 233 F. App'x 883, 885 (11th Cir. 2007) (unpublished). The Eleventh Circuit generally views default judgments with disfavor because of its strong policy for resolving cases on their merits. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244-45 (11th Cir. 2015); *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1332 (11th Cir. 2014) ("[W]e have a strong preference for deciding cases on the merits—not based on a single missed deadline—whenever reasonably possible.").

Plaintiff's primary argument is that Defendant SLG's requested relief should be denied because Defendant has failed to produce actual evidence (as opposed to general statements) to show that its default was not willful and that it has a meritorious defense.

**A. Was the default culpable or willful?**

Plaintiff appears to be arguing that Defendant SLG's conduct prior to the filing of the instant lawsuit show that its default was culpable and/or willful, but Plaintiff has failed to connect the dots. This argument is not persuasive. Defendant SLG's brief reflects that its default was inadvertent and the result of a

7

internal failure to correctly calendar the date its answer was due. There is absolutely no evidence that its default was willful. This factor weighs in favor of granting Defendant SLG's motion to set aside the entry of default.

### B. Did Defendant SLG act promptly to correct the default?

It is apparent that within a short time (maybe even a day) of being notified about Plaintiff's motion for entry of default and motion for default judgment, Defendant SLG retained local counsel, and took affirmative steps to set aside the entry of default. [Doc. 11-1 ¶¶ 8–10]. Defendant SLG has demonstrated that as soon as it learned about Plaintiff's motion for entry of default and motion for default judgment, it acted promptly to correct its failure to timely file an answer. This factor weighs in favor of granting Defendant SLG's motion to set aside the entry of default.

### C. Would setting aside the entry of default prejudice Plaintiff?

Plaintiff argues that setting aside the entry of default would be prejudicial to its case because that would cause its costs to increase "to an unfair degree." [Doc. 13 at 13]. This argument is without merit. Plaintiff filed the instant lawsuit ostensibly to pursue the litigation on the merits to its rightful outcome. Thus, allowing the litigation to proceed will not result in an unanticipated "increase to an unfair degree." Plaintiff further argues that Defendant SLG has "failed to

demonstrate that if default is not set aside[,] it would suffer significant financial loss." [*Id.*].  But that is not Defendant's burden to show.  Plaintiff argues that it has been further prejudiced by Defendant SLG's failure to provide any evidence to support its claims of meritorious defenses.

I find Plaintiff's protestations regarding delay disingenuous in light of the fact that the case has not been significantly delayed.  As noted above, once Defendant SLG became aware that an answer had not been filed and it was in default, Defendant SLG acted diligently and rapidly to correct the problem.  This factor also weighs in favor of granting Defendant SLG's motion to set aside the entry of default.

### D. Has Defendant stated a meritorious defense to Plaintiff's claims?

As noted above, one of the factors that courts may consider in deciding whether to set aside a default is whether there is a meritorious defense.  In order to evaluate this factor in this case, we must begin with the complaint.

According to Plaintiff, Defendant SLG is a consumer law firm based in Illinois that represents clients in cases involving alleged violations of the Fair Debt Collections Practices Act. [Doc. 1, Compl. ¶¶ 5, 8–12].  Plaintiff's declaratory judgment complaint alleges that beginning in or about January 8, 2022, Defendant SLG, via attorney Nathan C. Volheim, contacted Plaintiff and its counsel via email

and regular correspondence on behalf of its clients, the Simons, threatening to assert allegations against Plaintiff(s) for violations of the FDCPA regarding Plaintiffs' repeated attempts to collect an allegedly defaulted consumer residential apartment obligation by calling the Simons's phones and their previous employers despite the Simons's instructions to cease calling them. [*Id.* ¶ 10]. Plaintiff's complaint in this case alleges that the correspondence threatened litigation if Plaintiff failed to respond by a certain date, and demanded damages of approximately $5750.00. [*Id.* ¶ 12].

This initial contact prompted a series of communications via email between counsel for the parties, as well as Plaintiff providing a copy of recorded telephone calls allegedly between Plaintiff's representative(s) and the Simons, which Plaintiff contended disproved the allegations in Defendant SLG's initial demand. [*Id.* ¶ 18]. Settlement negotiations continued between the parties throughout January and February 2022, with each side effectively rejecting the other side's offers. [*Id.* ¶¶ 15–20]. Plaintiff alleges that Defendants lack a legitimate basis for their demands and actions, and have acted in bad faith by threatening litigation with the intent to extort money from Plaintiff and cause fear of economic loss [*id.* ¶¶ 30-31]. Plaintiff claims it will suffer a significant financial burden if it has to defend an

improper lawsuit, and seeks a determination of the rights and liabilities of the parties with respect to Defendants' claims under the FDCPA.  [*Id.* at 12–13].

Defendant SLG argues that it in fact has a number of meritorious defenses to Plaintiff's declaratory judgment action, including various issues with Plaintiff's pleadings under Rule 12(b) of the Federal Rules of Civil Procedure, and the fact that Plaintiff's entire case and theory of liability are premised on the notion that Defendant SLG should have been able to tell, after being informally provided recordings by Plaintiff's counsel while engaging in pre-suit settlement negotiations, that the claims SLG was advancing on behalf of its clients were without merit.  [Doc. 11-1 at 5; Doc. 12, Ans., at 5–7].  Defendant SLG contends that it would have been a dereliction of its duty to its clients to accord complete deference to Plaintiff's pre-lawsuit position and assume, based solely on the production of certain informal recordings, that such recordings were dispositive of all of the FDCPA issues implicated by the clients' claims SLG was attempting to pursue.  [Doc. 11-1 at 5].  In other words, SLG argues that it was not required to embrace or adopt Plaintiff's "own opinion as to the [purported] impropriety of Atlas's conduct."  [*Id.*].  Defendant SLG further argues that Plaintiff's cited authority for seeking damages (15 U.S.C. § 1692k(a)(3)) is inapplicable because no claims were ever actually brought or filed against Plaintiff, and even if they had

been, Plaintiff has failed to establish the stringent showing that is required to recover under that statute. [*Id.* at 6]. Thus, for the reasons stated, Defendant SLG maintains that Plaintiff is not entitled to the damages and relief it seeks through its declaratory judgment action, "given the objective absence of any bad faith or harassing intent on the part of Defendants" and what Plaintiff has attempted to characterize as the over-zealous pursuit of Defendant's clients' interests. [*Id.*]. The answer that Defendant SLG has filed [Doc. 12] sets out SLG's defenses and affirmative defenses in even more detail. [*Id.* at 5–7].

In Plaintiff's response brief to Defendant SLG's motion, Plaintiff argues that Defendant's statements are insufficient because they do not constitute actual evidence, and Defendant SLG has failed to provide a declaration or other evidence in support of its defenses. [Doc. 13 at 13]. Thus, the only issue is whether Defendant is required to provide this information via sworn testimony or other evidence, or whether it is sufficient for Defendant to merely recite these facts in its brief. Plaintiff has cited no case law to support its argument that general denials and/or statements are insufficient to establish a meritorious defense, under Rule 55(c).

Here, it is evident that the facts stated in Defendant's brief amount to legally cognizable defenses to Plaintiff's claims. Moreover, no default judgment has been

granted in this case, and Defendant SLG has brought its motion pursuant to Rule 55(c), which merely requires a showing of good cause. Although Rule 60(b) has more stringent requirements, Defendant meets the lesser showing of good cause required under Rule 55(c). *See Romano v. Interstate Express, Inc.*, No. 4:08-cv-121, 2009 WL 464185, at *3 (S.D. Ga. Feb. 24, 2009) (stating that a party need not recite and prove up facts to support his claimed defense; an allegation of a meritorious defense can be substantial enough to constitute good cause under Fed. R. Civ. P. 55(c)); *see also Rasmussen v. W.E. Hutton & Co.,* 68 F.R.D. 231, 234 (N.D. Ga. 1975) (setting aside an entry of default based on allegations of a meritorious defense despite plaintiff's argument that defendants must do more than simply allege a meritorious defense).

Because Defendant SLG has articulated meritorious defenses to most, if not all, of Plaintiff's allegations, this factor weighs in favor of granting Defendant's motion to set aside the entry of default.

### IV. <u>Summary</u>

To summarize, Defendant's default appears to have been wholly inadvertent; there is no evidence that Defendant's default was due to willfulness or even gross negligence on the part of SLG or the individuals involved. Upon learning that Plaintiff had filed a motion for entry of default and a motion for default judgment,

defense counsel acted immediately to correct the entry of default by filing the instant motion and an answer that denies many of the allegations in the complaint and presents numerous colorable defenses. There is no indication of willfulness or culpable conduct here.

Nor has Plaintiff pointed to any specific way in which it would suffer prejudice if default is excused in this case. Plaintiff has not demonstrated, for instance, that the passage of time during the delay has caused the proof of Plaintiff's case to become more difficult, nor that during that time, Plaintiff has suffered the loss of any evidence or witnesses. There is nothing in the current record to indicate that any evidence has been lost or destroyed due to Defendant SLG's brief delay in filing its answer. Plaintiff argues that Defendant SLG's delay in filing its answer has increased Plaintiff's expenses, but, in fact, it seems plausible that the further delay Plaintiff has caused by pursuing a default judgment may have caused greater expense to both parties than the initial delay in filing the answer itself. *See Romano*, 2009 WL 464185, at *2 n.4. In sum, Plaintiff has failed to establish that it will suffer any prejudice in this litigation from setting aside the entry of default.

Accordingly, for all the reasons stated, Defendant SLG's Motion to Set Aside Default and File Responsive Pleadings Out of Time [Doc. 11] is

**GRANTED**. The answer filed by Defendant SLG at Docket Entry 12 is accepted and allowed to be filed.

### V. Plaintiff's Motion for Entry of Default Judgment Against Defendant SLG, and Motion for Attorney's Fees

In light of that ruling, Plaintiff's Motion for Entry of Default Judgment Against Defendant SLG [Doc. 10] is **DENIED**.

As to Plaintiff's request and motion for attorney's fees and costs under the FDCPA, Plaintiff requests an award of nearly $10,600 in fees and close to $600 in costs purportedly due to Defendant SLG's bad faith and harassment in "knowingly or recklessly" raising frivolous arguments under the FDCPA and threatening litigation "with the intent to extort money from Plaintiff." [Doc. 10-1 at 13]. Under the present circumstances, I find such an award unjustified. Defendant SLG's motion to set aside the Clerk's entry of default is not unreasonable or without merit, and the relief Defendant SLG seeks is well justified. Defendant SLG has provided a plausible reason for its failure to timely respond to Plaintiff's complaint. There is no evidence whatsoever of bad faith or dilatory motives, and Defendant SLG has clearly articulated legitimate defenses to Plaintiff's claims. Plaintiff's motion for entry of default judgment has been denied. The strong Eleventh Circuit preference for deciding cases on the merits–coupled with the

denial of Plaintiff's motion for default judgment–weigh against an award of fees. Under these circumstances, an award of fees is neither warranted nor justified.

## VI. Conclusion

For the reasons stated, Defendant SLG's Motion to Set Aside Default and File Responsive Pleadings Out of Time [Doc. 11] is **GRANTED**. The answer filed by Defendant SLG at Docket Entry 12 is accepted and allowed to be filed. Plaintiff's Motion for Entry of Default Judgment Against Defendant SLG a/k/a Atlas Consumer Law and Motion for Attorney's Fees [Doc. 10] is **DENIED**.

**IT IS SO ORDERED**, this 16th day of August, 2022.

_____
CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE